# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

№ 13-CV-4063 (JFB) (WDW)

GOVERNMENT EMPLOYEES INSURANCE COMPANY,
AS SUBROGEE OF RICHARD J. VASELLI

Plaintiff,

VERSUS

UNITED STATES OF AMERICA,

Defendant.

**MEMORANDUM AND ORDER**
February 14, 2014

JOSEPH F. BIANCO, District Judge:

Government Employees Insurance Company ("GEICO" or "plaintiff"), in its capacity as subrogee of Richard J. Vaselli ("Vaselli"), filed this negligence action against the United States of America (the "Government" or "defendant") on July 17, 2013 pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–2680. GEICO alleges that Vaselli sustained property damage in a car accident that was caused by the negligent driving of a United States Postal Service ("USPS") driver.

The Government moves to dismiss the complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, asserting that this Court lacks subject matter jurisdiction over the present dispute because GEICO's claim is untimely.

For the reasons discussed below, the Court grants the Government's motion to dismiss. As GEICO concedes, it failed to commence this action within six months of the date that the USPS denied GEICO's administrative claim, as the FTCA requires. Moreover, even though GEICO argues that it is entitled to equitable tolling, the Court disagrees. Although the Second Circuit has not yet resolved whether equitable tolling is even available under the FTCA, this Court need not answer that unresolved question. Assuming *arguendo* that the FTCA's statute of limitations is subject to equitable tolling, the Court concludes that equitable tolling should not apply here, where GEICO attributes its late filing to a paralegal's neglect. GEICO's explanation amounts to nothing more than, at best, a garden variety claim of excusable neglect that does not warrant equitable tolling. Thus, the Court concludes that the complaint must be

dismissed as time-barred under Rule 12(b)(1) or, alternatively, under Rule 12(b)(6).[1]

I. BACKGROUND

A. Facts

The following facts are taken from the complaint, and are not findings of fact by the Court. Instead, the Court will assume the facts in the amended complaint to be true for purposes of deciding the pending motion to dismiss. The Court also takes judicial notice of the records of GEICO's administrative claim before the USPS, which the Government submitted in connection with its motion to dismiss.

On September 23, 2011, Vaselli was involved in an automobile accident with a USPS vehicle near the intersection of Mills Pond Road and Moriches Road in St. James, New York. (Compl. ¶ 5.) GEICO attributes the accident entirely to the "negligence, carelessness, and/or recklessness" of USPS driver John F. O'Neill ("O'Neill"). (*Id.* ¶ 11.) As a result of the accident, Vaselli sustained $8,857.94 worth of damages, which represents property damage and the loss of use of his automobile. (*Id.* ¶ 14.)

After the accident, GEICO reimbursed Vaselli for these damages pursuant to a collision insurance policy. (*Id.* ¶ 15.) Acting as Vaselli's subrogee, GEICO then sought to recover the $8,857.94 from the USPS by filing an administrative claim on November 28, 2011. (Coffey Decl. Ex. B.) By letter dated June 19, 2012, the USPS denied the claim. (Coffey Decl. Ex. C.) After GEICO sought reconsideration of the decision (Coffey Decl. Ex. D), the USPS issued a final denial letter dated January 9, 2013 (Coffey Decl. Ex. E). The final denial letter was mailed to GEICO on January 9, 2013, and GEICO received it on January 14, 2013. (Coffey Decl. Ex. F.)

B. Procedural History

On July 17, 2013—just over six months after the date of the final denial letter—GEICO commenced this action. The Government filed a motion to dismiss on November 8, 2013. GEICO filed its opposition to the motion to dismiss on December 20, 2013, and the Government replied on January 13, 2014. The Court heard oral argument on the motion on February 11, 2014. The Court has fully considered the submissions of the parties.

II. STANDARDS OF REVIEW

To defeat a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(1), "[t]he plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005). In resolving this issue, the court "must accept as true all material factual allegations in the complaint, but [it is] not to draw inferences from the complaint favorable to plaintiffs." *J.S. ex rel. N.S. v. Attica Cent. Schs.*, 386 F.3d 107, 110 (2d Cir. 2004). Additionally, the court "may refer to evidence outside the pleadings" to resolve the jurisdictional issue. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir.

---

[1] Although the Government moves under Rule 12(b)(1), if equitable tolling is available under the FTCA because the FTCA's statute of limitations is not jurisdictional—an open question in this circuit—then the Court must dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *See, e.g., Miller v. Potter*, No. 07-CV-1767 (JFB)(ETB), 2007 WL 4615611, at *1 n.3 (E.D.N.Y. Nov. 29, 2007) (considering motion to dismiss under Rule 12(b)(6) instead of Rule 12(b)(1), where failure to meet statutory deadline was not jurisdictional).

2000) (citing *Kamen v. Am. Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986)).

By contrast, in reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See, e.g.*, *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). "In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege a plausible set of facts sufficient 'to raise a right to relief above the speculative level.'" *Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 91 (2d Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This standard does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

The Supreme Court clarified the appropriate pleading standard in *Ashcroft v. Iqbal*, setting forth a two-pronged approach for courts deciding a motion to dismiss. 556 U.S. 662 (2009). The Court instructed district courts first to "identify[ ] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* Second, if a complaint contains "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

The Court notes that in adjudicating a Rule 12(b)(6) motion, it is entitled to consider: "(1) facts alleged in the complaint and documents attached to it or incorporated in it by reference, (2) documents 'integral' to the complaint and relied upon in it, even if not attached or incorporated by reference, (3) documents or information contained in defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint, (4) public disclosure documents required by law to be, and that have been, filed with the Securities and Exchange Commission, and (5) facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence." *In re Merrill Lynch & Co.*, 273 F. Supp. 2d 351, 356–57 (S.D.N.Y. 2003) (internal citations omitted), *aff'd in part & rev'd in part on other grounds sub nom. Lentell v. Merrill Lynch & Co.*, 396 F.3d 161 (2d Cir. 2005); *see Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("[T]he district court . . . could have viewed [the documents] on the motion to dismiss because there was undisputed notice to plaintiffs of their contents and they were integral to plaintiffs' claim."); *Brodeur v. City of New York*, No. 04-CV-1859 (JG), 2005 WL 1139908, at *3 (E.D.N.Y. May 13, 2005) (court can consider documents within the public domain on a Rule 12(b)(6) motion to dismiss). Specifically, "[w]here, as in this case, 'exhaustion of administrative remedies is a prerequisite to bringing suit, a court may take judicial notice of the records and reports of the relevant administrative bodies, as well as the facts set forth therein.'" *Bennett v. Wesley*, No. 11-CV-8715 (JMF), 2013 WL 1798001, at *2 (S.D.N.Y. Apr. 29, 2013) (quoting *Wilson v. N.Y.C. Police Dep't*, No. 09-CV-2632 (PAC)(HBP), 2011 WL 1215031, at *6 (S.D.N.Y. Feb. 4, 2011), *report & recommendation adopted*, 2011 WL 1215735 (S.D.N.Y. Mar. 25, 2011)).

III. DISCUSSION

GEICO has asserted that the Government is liable for O'Neill's negligence under the FTCA. The Government counters that this claim is time-barred because GEICO did not commence this action within six months of the USPS's final letter denying GEICO's administrative claim. GEICO concedes its failure to file this action within the time frame set by the FTCA; however, it urges this Court to apply equitable tolling. The Court concludes that there is no basis for equitable tolling in this case, and that the complaint must be dismissed as time-barred.

A. Applicable Law

By enacting the FTCA, Congress waived the United States' sovereign immunity for claims arising out of torts committed by federal employees. *See Adeleke v. United States*, 355 F.3d 144, 153 (2d Cir. 2004). The FTCA conditions this limited waiver of sovereign immunity on a party's compliance with "several strictly construed prerequisites." *Johnson v. Smithsonian Inst.*, 189 F.3d 180, 189 (2d Cir. 1999). Specifically, under 28 U.S.C. § 2675(a), "a party suing the United States in tort must first have presented the claim to the relevant federal agency and have the claim denied." *Long v. Card*, 882 F. Supp. 1285, 1287 (E.D.N.Y. 1995). The FTCA's statute of limitations then requires the party to file the action "within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b). "Claims filed outside of this window 'shall be forever barred.'" *Goldblatt v. Nat'l Credit Union Admin.*, 502 F. App'x 53, 55 (2d Cir. 2012) (quoting 28 U.S.C. § 2401(b)).

Although the Government contends that the FTCA's statute of limitations is jurisdictional, the matter remains an open question in this circuit. The Second Circuit has recently made the following pertinent observations:

> Whether equitable tolling is available at all under the FTCA is an open question in this circuit. Although we have sometimes hinted that equitable tolling might be appropriate, *see Valdez ex rel. Donely v. United States*, 518 F.3d 173, 177, 184–85 (2d Cir. 2008); *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 84 (2d Cir. 2005), we have explicitly declined to resolve whether the FTCA's statute of limitations is 'jurisdictional' and, hence, not subject to tolling, *A.Q.C.* [*ex rel. Castillo v. United States*], 656 F.3d [135,] 144 n.6 [(2d Cir. 2011)].

*Phillips v. Generations Family Health Ctr.*, 723 F.3d 144, 149 (2d Cir. 2013). In *A.Q.C.*, the Second Circuit noted that other circuits have reached different results on this issue following the Supreme Court's decision in *John R. Sand & Gravel Co. v. United States*, which held that statutes of limitations "limiting the scope of a governmental waiver of sovereign immunity" are "more absolute," and should thus be interpreted "as forbidding a court to consider whether certain equitable considerations warrant extending a limitations period." 552 U.S. 130, 133–34 (2008); *see A.Q.C.*, 656 F.3d at 144 n.6 (noting the Third Circuit recognizes equitable tolling under the FTCA but the Ninth Circuit does not). This Court need not resolve the issue to decide the instant motion because, even assuming *arguendo* that equitable tolling is available under the FTCA, equitable

4

tolling should not apply in this case. *See Phillips*, 723 F.3d at 149 (assuming without deciding that equitable tolling is available under the FTCA).

"When determining whether equitable tolling is applicable, a district court must consider whether the person seeking application of the equitable tolling doctrine (1) has 'acted with reasonable diligence during the time period she seeks to have tolled,' and (2) has proved that the circumstances are so extraordinary that the doctrine should apply." *Zerilli-Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 80–81 (2d Cir. 2003) (quoting *Chapman v. ChoiceCare Long Island Term Disability Plan*, 288 F.3d 506, 512 (2d Cir. 2002)). The doctrine is "highly case-specific," and the "burden of demonstrating the appropriateness of equitable tolling . . . lies with the plaintiff." *Boos v. Runyon*, 201 F.3d 178, 184–85 (2d Cir. 2000). Only in a limited number of cases do extraordinary circumstances exist such that equitable tolling is warranted. *See South v. Saab Cars USA, Inc.*, 28 F.3d 9, 12 (2d Cir. 1994) (principles of equitable tolling do not extend to what "is at best a garden variety claim of excusable neglect") (citation and quotation marks omitted); *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (tolling granted when "rare and exceptional circumstances" prevented plaintiff from filing on time).

B. Application

It is clear that GEICO failed to commence this action within six months of the date that the USPS denied its administrative claim. The USPS mailed the final denial of GEICO's claim on January 9, 2013, and GEICO commenced this action on July 17, 2013. Therefore, the complaint is untimely under the FTCA.

Although conceding that the complaint is untimely, GEICO argues for equitable tolling. Specifically, GEICO's counsel notes that the complaint is dated July 9, 2013, and he avers that he intended to file it on that date.[2] (Pl.'s Mem. ¶ 4.) However, GEICO's counsel explains that he entrusted the task of filing the complaint to a paralegal, who misled him and told him that she filed the complaint on July 9, 2013. (*Id.*) In fact, as noted, the paralegal did not actually file the complaint until July 17, 2013. (*Id.*)

Even accepting as true GEICO's explanation for the late filing, the Court cannot conclude that GEICO acted with reasonable diligence, and that its circumstances were so extraordinary that they warrant equitable tolling. Instead, the late filing is attributable to an ordinary lack of diligence on the part of GEICO's counsel and his paralegal. As a general rule, attorney error or lack of diligence does not justify equitable tolling. *Chapman*, 288 F.3d at 512 ("[A] want of diligence by a plaintiff's attorney generally will not prompt a court to provide relief from a limitations period by way of an equitable toll."); *Davila v. Barnhart*, 225 F. Supp. 2d 337, 339 (S.D.N.Y. 2002) (holding that "attorney error does not constitute an extraordinary circumstance justifying equitable tolling"); *see also Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) (late filing due to attorney's absence from his office was "at best a garden variety claim of excusable neglect"). This rule applies with full force here, where GEICO's attorney intended to file the complaint on the very last day before the limitations period expired, yet "[d]espite

---

[2] GEICO does not argue that it satisfied the FTCA's statute of limitations merely by dating and signing the complaint on July 9, 2013. *See* Fed. R. Civ. P. 3 ("A civil action is commenced by *filing a complaint with the court*.") (emphasis added.)

the potentially dispositive consequences of a late filing, neither plaintiff nor [its] counsel allege that they attempted to monitor the filing to ensure that it was timely. Such errors or omissions are not sufficient to justify equitable tolling of the limitations period." *Okoampa-Ahoofe v. Johnson & Higgins*, No. 99-CV-5820 (AGS), 2000 WL 1471552, at *3 (S.D.N.Y. Sept. 29, 2000).

Moreover, to the extent that GEICO's attorney's paralegal was responsible for the late filing, a paralegal or process server's neglect does not excuse a late filing. *See Okoampa-Ahoofe*, 2000 WL 1471552, at *3–4 (equitable tolling does not apply where "process server's conduct was responsible for the late filing," because "the responsibility for filing remains with plaintiff's attorney"); *accord Motta ex rel. A.M. v. United States*, 717 F.3d 840, 847 (11th Cir. 2013) (holding that late filing due to paralegal's error was "perhaps excusable neglect, but equitable tolling does not apply to this form of ordinary negligence"); *Harris v. Boyd Tunica, Inc.*, 628 F.3d 237, 238 (5th Cir. 2010) (holding that late filing due to clerical error made by plaintiff's attorney's paralegal was "another garden variety act of attorney negligence"). Equitable tolling is not available simply because plaintiff's "attorney mistakenly believed that the complaint was timely filed." *Davila*, 225 F. Supp. 2d at 339. Finally, even if the paralegal misled GEICO's attorney about the filing date, "there is no legal support for the argument that false representations by anyone other than defendant will result in equitable tolling." *Richardson v. Suffolk Bus Corp.*, No. 09-CV-3586 (JFB)(ARL), 2010 WL 2606266, at *6 n.5 (E.D.N.Y. June 22, 2010); *Williams v. Potter*, No. 06-CV-8258 (LAP), 2007 WL 2375818, at *5 (S.D.N.Y. Aug. 14, 2007) ("As a matter of law, receiving bad advice from a third party is insufficient for equitable tolling of the 45-day requirement. Plaintiff's assertion that he received 'misguided advi[c]e by a shop steward to not answer supervisor's questions at PDI interview' does not address, and does not excuse, Plaintiff's failure to file an EEO Complaint within the 45-day time limit."). This principle extends to misstatements made by a plaintiff's attorney or the attorney's staff. *See, e.g.*, *Brown v. JPMorgan Chase Bank, N.A.*, No. 12-CV-544 (RRM)(LB), 2013 WL 4009795, at *5 (E.D.N.Y. Aug. 5, 2013) (no equitable tolling "even if the attorney's communication or statements misled plaintiff" because false representations by someone other than defendant does not warrant equitable tolling); *accord Rockmore v. Harrisburg Prop. Serv.*, 501 F. App'x 161, 164 (3d Cir. 2012) ("In spite of any misstatements that may have been made by her attorney or his staff, [plaintiff] erred in allowing so much time to pass between the deadline and the date she filed her complaint. That error, while perhaps well-intentioned and understandable, was fatal to her federal claims."), *cert. denied*, 133 S. Ct. 2341 (2013).[3]

---

[3] Insofar as GEICO argues that its delay in filing should be excused because it is only a few days beyond the limitations period, this Court has previously noted that "the standard is not whether the delay is *de minimus*, but rather whether plaintiff acted with reasonable diligence and [has] proven that his circumstances were so extraordinary that equitable tolling should apply." *O'Leary v. Town of Huntington*, No. 11-CV-3754 (JFB)(GRB), 2012 WL 3842567, at *6 (E.D.N.Y. Sept. 5, 2012). As the Supreme Court has explained, "[f]iling deadlines, like statute of limitations, necessarily operate harshly and arbitrarily with respect to individuals who fall just on the other side of them, but if the concept of a filing deadline is to have any content, the deadline must be enforced." *United States v. Locke*, 471 U.S. 84, 101 (1985); *see Carey v. Int'l Bhd. of Elec. Workers Local 363 Pension Plan*, 201 F.3d 44, 48 (2d Cir. 1999) ("[S]tatutes of limitations are not to be disregarded by courts out of a

In sum, GEICO has not demonstrated that its circumstances surrounding the delayed filing justify equitable tolling. Accordingly, the complaint is dismissed as untimely.

IV. CONCLUSION

For the reasons set forth herein, the Court grants defendant's motion to dismiss in its entirety. The Clerk of the Court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: February 14, 2014
       Central Islip, NY

\* \* \*

Plaintiff is represented by Frank J. Sparacino, Jr., Sparacino & Sparacino PLLC, 11 Bayview Avenue, Northport, NY 11768. Defendant is represented by Loretta E. Lynch, United States Attorney, Eastern District of New York, by Diane Leonardo, 610 Federal Plaza, Central Islip, NY 11722.

---

vague sympathy for particular litigants. Indeed, strict adherence to limitation periods is the best guarantee of evenhanded administration of the law." (internal quotation marks and citations omitted)); *accord Lookingbill v. Cockrell*, 293 F.3d 256, 264–65 (5th Cir. 2002) (rejecting argument that equitable tolling should apply because petitioner missed deadline by only four days); *Maes v. Chavez*, No. 2:12-cv-1634-KJM-DAD P, 2013 WL 930604, at \*5 (E.D. Cal. Mar. 8, 2013) ("[T]he fact that petitioner's pending federal habeas petition was presented for mailing a mere five days after the one-year statute of limitations had expired, does not by itself provide grounds for equitable tolling.") (collecting cases).

7